UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 17-cr-10146-MLW |
| ) | |
| ) | |
| ANTON RISE ) | |

**<u>ADDITIONAL SUPPLEMENT TO DEFENDANT'S SENTENCING MEMORANDUM</u>**

In further support of his position that he is not subject to the enhanced penalties of the Armed Career Criminal Act, 18 U.S.C. §924(e), Mr. Rise submits this additional supplement to his previously filed sentencing memoranda (D.E. 109 and D.E. 123). This supplemental memorandum provides additional support for Mr. Rise's argument that his 2000 conviction in Massachusetts state court for possession with intent to distribute a class B substance is not a "serious drug offense" for purposes of the Armed Career Criminal Act because Massachusetts law criminalizes a derivative of cocaine that federal law does not.

First, Mr. Rise submits the affidavit of Gregory Dudley, Ph.D., the Eberly Family Distinguished Professor and Department Chair of the C. Eugene Bennett Department of Chemistry at West Virginia University. Dr. Dudley was asked to compare the Massachusetts and Federal definitions of cocaine and determine whether the Massachusetts definition includes any derivatives that are not included under Federal law. Dr. Dudley's affidavit details that the Massachusetts definition of cocaine includes [$^{123}$I] ioflupane, which the Federal definition of cocaine does not. *See* Affidavit of Gregory Dudley, Ph.D, attached as Exhibit A.

Second, on June 10, two days after Mr. Rise filed his supplemental sentencing memorandum, the Eleventh Circuit decided *United States v. Jackson*, No. 21-13963. *Jackson*

1

held that Mr. Jackson's prior conviction under Fla. Stat. § 893.13 could not qualify as a "serious drug offense" because at the time Mr. Jackson possessed the firearm at issue in his federal case Ioflupane was not a "controlled substance" for purposes of the "serious drug offense" definition in §924(e)(2)(A)(ii). *United States v. Jackson*, -- F.4th --, 2022 WL 2080280 (11th Cir. June 10, 2022).

In addition to the cases involving Ioflupane on page 6-7 of Defendant's Supplement (D.E. 123), Mr. Rise has also become aware of the following additional cases relating to the issue of whether a prior conviction is overbroad due to the federal de-scheduling of Ioflupane: *United States v. Scott*, 2021 WL 6805797 (D.N.J. Dec. 6, 2021) (holding that defendant's New Jersey conviction for possession with intent to distribute crack cocaine in violation of N.J. Stat. Ann § 2C:35-5(b)(3) is not a predicate controlled substance offense under section 2K2.1(a)(2) of the Guidelines because New Jersey does not exclude Ioflupane from the New Jersey drug schedules); *United States v. House*, 31 F.4th 745 (9th Cir. 2022) (District court did not commit plain error with respect to its determination that the Montana statute defining cocaine, in which defendant was previously convicted, was not overbroad, as when the district court reached its decision there was no binding precedent to the contrary).

In addition, in two immigration cases the Third Circuit held that New Jersey controlled substance convictions "related to" a federally controlled substance, as defined in 8 U.S.C. § 1227(a)(2)(B)(i) despite the fact that the state list of controlled substances was currently broader than the federal list of controlled substances because it did not exempt Ioflupane, when it was no broader than the federal list when the lawful permanent resident was convicted. *United States v. Martinez*, 906 F.3d 281 (3d Cir. 2018); *Balisage v. Attorney General*, 851 Fed. Appx. 314 (3d Cir. 2021) (following *Martinez*). These cases are distinguished because the ACCA defines

2

"serious drug offense" as an offense "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)." In addition, *Martinez* was cited disfavorably by the First Circuit in *United States v. Abdulaziz*, 998 F.3d 519, 531 n.7 (1st Cir. 2021), a case which addressed whether hemp was a controlled substance within the meaning of § 4B1.2(b).

For these reasons, as well as the reasons set forth in Mr. Rise's previously filed sentencing submissions, he asks this Court to find that he is not subject to the enhanced penalties of the Armed Career Criminal Act and to impose a sentence of time served.

ANTON RISE
By His Attorney,

*/s/Jane F. Peachy*
Jane F. Peachy, B.B.O # 661394
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Jane F. Peachy, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 15, 2022.

*/s/Jane F. Peachy*
Jane F. Peachy